RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12-20-07

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| Manuel | Civil Action No. 6:07-1883 |
| versus | Judge Tucker L. Melançon |
| American Western Home Ins. Co., et al | Magistrate Judge Methvin |

### ORDER

Before the Court is a Motion To Remand filed by the plaintiff, Haley Deshotel Manuel. [Rec. Doc.5]. Attached to plaintiff's motion is a Stipulation, executed by plaintiff's counsel, stating that the amount in controversy of this matter does not exceed Seventy-five Thousand Dollars ($75,000.00). Counsel for defendants oppose plaintiff's motion and object to the Stipulation as it is not executed by plaintiff herself, and assert that the limits of the policy should be used to establish the amount in controversy of this case for property damage caused by Hurricane Rita.

Louisiana law prohibits a plaintiff from specifying damages in any numerical dollar amount in her complaint. See Louisiana Code of Civil Procedure. article 893(A). The Fifth Circuit has established a procedure to evaluate the jurisdictional amount in controversy based on a complaint that does not specify damages in dollars. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999). "The defendant may make [its] showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy ... that support a finding of the requisite amount." *Id.* The two tests are applied in order, and only if the "facially apparent" test is not met, do we then require "summary-judgment-type" evidence of the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 & n. 16 (5th Cir.1995).

Plaintiff's Affidavit stipulating that the "damages in this action do not exceed the sum of SEVENTY FIVE THOUSAND ($75,000.000) DOLLARS as required by 28 U.S.C. §1332" is signed by plaintiff's attorney in this action and was filed after removal to this Court. Although plaintiff has not signed a binding stipulation, a failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and alone does not establish that this Court has jurisdiction. *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, p.2 (5th Cir.2002)(disallowing the use of post-removal settlement demands because "the damages we may consider include only those damages claimed at the time of removal."). It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage to the property, not the value of the policy. While plaintiff claims that her damages are less than $75,000, she has presented no evidence of the valuation of damages sustained. Accordingly, it is,

ORDERED that plaintiff's Motion To Remand [Rec. Doc. 17] is DENIED as premature. Within ten (10) days of the entry of this Order, the plaintiff may file a motion for leave to file a covenant not to execute any Louisiana state court judgment that may be rendered in her favor in excess of $75,000.00, in a form acceptable to defendant's counsel. In the event of the failure to timely file such covenant, it is

FURTHER ORDERED that the Clerk of this Court is to set a determination of Jurisdictional Amount on the next available motion calendar of the Magistrate Judge assigned to this case.

Thus done and signed this 20th day of December, 2007 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge